IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| JAMES WILLIE JACKSON, #151754, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CASE NO. 3:06-CV-1027-MHT |
| ) | |
| CHERYL PRICE, et al., ) | |
| ) | |
| Respondents. ) | |

**ORDER**

This cause is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by James Willie Jackson ["Jackson"], a state inmate, on November 14, 2006. In this petition, Jackson challenges a conviction for distribution of a controlled substance imposed upon him on September 9, 2003 by the Circuit Court of Russell County, Alabama.

The respondents filed an answer and supporting evidentiary materials in accordance with the provisions of Rule 5, *Rules Governing Section 2254 Cases in the United States District Courts*, in which they contend that the present habeas corpus petition is due to be denied because the claims raised therein are procedurally defaulted. Specifically, the respondents argue that Jackson's challenge to the sufficiency of the evidence is procedurally barred from review because Jackson failed to raise this claim on direct appeal. *Teague v. Lane*, 489 U.S. 288 (1989); *Brownlee v. Haley*, 306 F.3d 1043, 1065 (11th Cir. 2002); *Bailey v. Nagle*, 172 F.3d 1299, 1303 (11th Cir. 1999). Additionally, the

respondents maintain that the claim challenging the trial court's restriction of his cross examination of the confidential informant is procedurally defaulted because the last state court to address this issue determined that it was barred from review. *Harris v. Reed*, 489 U.S. 255, 263 (1989). They further argue that this claim is likewise defaulted due to Jackson's failure to file a petition for writ of certiorari with the Alabama Supreme Court during the direct appeal process. *O'Sullivan v. Boerckel*, 526 U.S. 838, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999).

To the extent Jackson seeks review of his substantive claims due to alleged failures of appellate counsel, the respondents assert that any such claims are procedurally defaulted due to Jackson's failure to properly raise these issues in the state courts. "If he did raise the [ineffective assistance of appellate counsel] claims in his Rule 32 petition, he is nevertheless barred because he did [not] appeal from the denial of the state post-conviction petition." *Respondents' Answer* at 16; *Murray v. Carrier*, 477 U.S. 478 (1986) (ineffective assistance of counsel will excuse a procedural default only when the ineffective assistance claim itself has been independently and properly raised); *Hill v. Jones*, 81 F.3d 1015, 1030 (11th Cir. 1996) (a procedurally defaulted claim of ineffective assistance of counsel cannot serve as cause to excuse the default of a separate claim). Additionally, the respondents maintain that Jackson has failed to meet his burden of proof on his claim of actual innocence as he has presented no new, reliable evidence not available to him at the time

of trial demonstrating his factual innocence; rather, Jackson merely relies on the contradictory nature of the testimony presented at trial and discrepancies between testimony and scientific evidence. *Respondents' Answer* at 17; *Schlup v. Delo*, 513 U.S. 298, 324 ("To be credible, . . . a claim [of actual innocence] requires petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial.); *Bousley v. United States,* 523 U.S. 614, 623-624 (1998)("It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency. *See Sawyer v. Whitley*, 505 U.S. 333, 339, 112 S.Ct. 2514, 2518-2519, 120 L.Ed.2d 269 (1992).").

A procedural default bars consideration of the merits of a claim "unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson,* 501 U.S. 722, 750, 111 S.Ct. 2546, 2565, 115 L.Ed.2d 640 (1991); *Peoples v. Campbell*, 377 F.3d 1208, 1235 (11th Cir. 2004); *Henderson v. Campbell*, 353 F.3d 880, 892 (11th Cir. 2003). However, even if the petitioner fails to show cause and prejudice, a procedural default will not preclude a federal court from considering a habeas petitioner's federal constitutional claim where the petitioner is able to show that the court's failure to address his claim would result in a

"fundamental miscarriage of justice." *Schlup v. Delo*, 513 U.S. 298, 320 (1995); *Murray v. Carrier*, 477 U.S. 478 (1986). The miscarriage of justice exception allows federal courts to address procedurally defaulted claims if the petitioner shows that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Carrier*, 477 U.S. at 496.

Accordingly, it is

ORDERED that on or before February 5, 2007 the petitioner may file a response to the answer filed by the respondents. Any pleadings, documents or evidence filed after this date will not be considered by the court except in exceptional circumstances. The petitioner is advised that at any time after February 5, 2007 the court shall "determine whether an evidentiary hearing is required. If it appears that an evidentiary hearing is not required, the [court] shall make such disposition of the petition as justice shall require." Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts*.

The petitioner is instructed that when responding to the respondents' answer he may file sworn affidavits or other documents in support of his claims. Affidavits should set forth specific facts which demonstrate that the petitioner is entitled to relief on those grounds presented in the habeas corpus petition. If documents which have not previously been filed with the court are referred to in the affidavits, sworn or certified copies of those papers must be attached to the affidavits or served with them. When the petitioner attacks

the respondents' answer by use of affidavits or other documents, the court will, at the proper time, consider whether to expand the record to include such materials. *See* Rule 7, *Rules Governing Section 2254 Cases in the United States District Courts*.

    The petitioner is cautioned that in responding to the respondents' assertion that his claims for relief are procedurally defaulted he must state specific reasons why he failed to comply with the state's procedural rules or otherwise did not present or pursue these claims in state court either at the trial court level, on appeal or in available post-conviction proceedings. The petitioner is advised that the reasons presented must be legally sufficient and that the facts surrounding or relating to the reasons for the failure must be stated with specificity. If the petitioner asserts that this court should address the procedurally defaulted claims under the fundamental miscarriage of justice exception, the petitioner must show specific reasons for the application of this exception.

    Done this 16th day of January, 2007.

                                              /s/ Susan Russ Walker
                                             SUSAN RUSS WALKER
                                             UNITED STATES MAGISTRATE JUDGE